Sean P. Gjerde (SB#217467)
James P. Chandler (SB# 215886)
8880 Elk Grove Blvd. Suite A
Elk Grove CA 95624
(916) 483-3040

Attorneys for Father Joseph Petterle

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTER ELLEN NELSON, | Case No. 2:11-CV-00140-GEB-JFM |
| Plaintiff, | OPENING TRIAL BRIEF BY FATHER JOSEPH PETTERLE |
| vs. | |
| JOSEPH PETTERLE, | Trial Date: March 15, 2009 |
| Fathers. | Time: 9:00 a.m. |
| | Judge: Hon. Garland E. Burrell, Jr. |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... III

I. INTRODUCTION ............................................................................................................. 1

II. PARTIES ........................................................................................................................... 1

III. STATEMENT OF FACTS ................................................................................................ 2

IV. LEGAL ISSUES/ARGUMENTS ...................................................................................... 3

    A. Plaintiff Cannot Meet Her Burden Of Proving A Wrongful Retention Of Custody. ................................................................................................................. 3

        1. Iceland is not the child's "habitual residence." ........................................... 3

        2. Plaintiff did not have the right to unilaterally change the child's habitual residence. ..................................................................................... 5

        3. Iceland is not the child's habitual residence because he did not become acclimated there. ........................................................................................ 6

        4. Father's retention of the child was not wrongful where he had court approval to retain custody of the child. ...................................................... 7

    B. Returning The Child To Iceland Will Violate Fundamental Principles Of The Law Of The United States. ...................................................................................... 8

    C. Plaintiff Was Not Exercising Her Parental Rights At The Time Of The Retention Because She Sought To Act In Excess Of Her Rights. ............................ 9

    D. The Child's Desire Should Be Considered Rather Than Forcing Him To Return To A Country Where He Is A Stranger. .................................................... 10

V. CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Brennan v. Cibault*, 227 A.D.2d 965 .................................................................................................... 4

*England v. England*, 234 F.3d 268 ..................................................................................................... 11

*Flores v. Contreras*, 981 S.W.2d 246 ................................................................................................... 4

*Freier v. Freier*, 969 F.Supp. 436 ......................................................................................................... 4

*Guardianship of Martha M.*, 204 Cal.App.3d 909 ............................................................................... 9

*Holder v. Holder*, 392 F.3d 1009 ..................................................................................................... 3, 7

*In re Marriage of Gayden*, 229 Cal.App.3d 1510 ................................................................................ 9

*Marriage of Brown & Yana*, 37 Cal.4th 947 ....................................................................................... 5

*Marriage of Forrest & Eaddy,* 144 Cal.App.4th 1202 ......................................................................... 3

*Marriage of Nurie*, 176 Cal.App.4th 478 .......................................................................................... 10

*Mozes v. Mozes*, 239 F.3d 1067 .................................................................................................. 3, 4, 6

*Newdow v. US Congress, 313 F. 3d 500*.............................................................................................. 8

*Perry v. Superior Court*, 108 Cal.App.3d 480 ..................................................................................... 9

*Pesin v. Rodriguez*, 77 F.Supp.2d 1277 ............................................................................................... 4

*Shalit v. Copper*, 1982 F3d 1124 ......................................................................................................... 3

*Troxel v. Granville* 530 U.S. 57 ........................................................................................................... 8

**Statutes**

Ca. Family Code §3428 ...................................................................................................................... 10

International Child Abduction Remedies Act, 42 U.S.C. §11601-11610................................ 3, 6, 7, 8

**Other Authorities**

Hague Convention on Civil Aspects of International Child Abduction ....................................... passim

## I. INTRODUCTION

This action arises from the petition of Plaintiff Ester Ellen Nelson seeking the "return" of the parties' minor child. Plaintiff falsely claims that Father Joseph Petterle wrongfully retained custody of the minor child in August 2010 when he did not send the minor child back to Iceland after residing with Father. The truth, however, is that since Father never consented to the minor child residing in Iceland beyond the end of the academic school year 2010, Father had no obligation to return the child to Iceland. This is not a case where the parent currently caring for the child abducted him from the other parent and ran off with him. Prior to choosing not to return the child to plaintiff, Father petitioned a court of competent jurisdiction and obtained an order granting him temporary custody. That order has not been vacated. Therefore, plaintiff cannot claim that Father's retention of custody was in any way wrongful.

Plaintiff seeks to establish Iceland as the minor child's permanent residence contrary to the desires of the child and over the objections of Father. The facts will demonstrate Father's consent to the minor child traveling to Iceland in the first instance was expressly limited to the academic year, in reliance on plaintiff's representations. The facts will further demonstrate that plaintiff did not obtain a court order permitting her to change the minor child's residency to Iceland over Father's objections prior to taking the child to Iceland. After having used inexcusable misrepresentations to obtain Father's consent to allow the child to travel to Iceland, plaintiff now seeks an order validating her fraudulent conduct. Plaintiff's claim is not supported by any law, will constitute a permanent detriment to the child, and will effectively deprive Father of all his parental rights. There is no international convention, no federal or state statute, and no principle of equity, law or public policy that would justify such a gross miscarriage of justice.

## II. PARTIES

Petitioner Ester Ellen Nelson is the former spouse of Father and mother of the parties' minor child. Ms. Nelson is represented by Mr. John E. B. Myers.

Father Joseph Petterle is the former spouse of plaintiff and father of the parties' minor child. Mr. Petterle is represented by Sean P. Gjerde and James P. Chandler of the Northern California Law Center P.C.

### III. STATEMENT OF FACTS

In August of 2008, plaintiff requested that Father sign a form giving the minor child permission to get a passport so he could travel to Iceland with plaintiff. In turn, plaintiff agreed to participate in a child support modification that better reflected the parties' financial positions at the time.

After expressing his concern that plaintiff could change her mind and decide not to return to America, leaving Father with no access to his son, plaintiff expressly assured Father that such would not happen. She expressly assured Father that the child would reside in Iceland for only one academic year and that plaintiff would need to return to Idaho to finish her thesis and get her degree.

Reasonably relying on plaintiff's assurances that the child would only reside in Iceland for one academic year, Father consented to the issuance of a passport and to allowing the child to travel with his mother.

On or about August 1, 2009, after spending the summer of 2009 with Father in California, Father returned the child to plaintiff.

While the child was in Iceland, Father's communications with the child were difficult and sporadic. Plaintiff failed to make arrangements whereby Father could communicate reliably and regularly with the child.

In April of 2010, plaintiff first expressed her desire to remain in Iceland and requested that Father consent to the child residing in Iceland for another year. In further communications, plaintiff indicated here desire to become a citizen of Iceland.

Father never consented to the child residing in Iceland for one more year.

On July 2, 2010 the child flew to Seattle where Father met him there with his family.

The child quickly expressed his desire not to return to Iceland. He made it very clear on any occasions, and continues to stand by that sentiment.

Based on plaintiff's growing pattern of depriving Father of time with his son, Father

On August 8, 2010 Father petitioned for custody in an emergency ex- parte hearing, so that I would have legal grounds to keep the child in the United States until this matter can be settled. Said petition was granted.

## IV. LEGAL ISSUES/ARGUMENTS

### A. Plaintiff Cannot Meet Her Burden Of Proving A Wrongful Retention Of Custody.

Plaintiff's petition seeks relief under the Hague Convention on Civil Aspects of International Child Abduction ("Convention") which went into effect between the United States and Iceland on December 1, 1996 and the International Child Abduction Remedies Act, 42 U.S.C. §11601-11610 ("ICARA"). The purpose of the Convention is not to determine the merits of a custody dispute, but only to determine whether a child (or children) should be sent to another forum for resolution of the custody dispute. *Holder v. Holder*, 392 F.3d 1009, 1013-1014 (2004) ("*Holder*").

It is the burden of the party seeking relief to prove (1) the forum to which the petitioner wants the child sent is the child's "habitual residence;" (2) the petitioner was exercising lawful custody rights over the child at the time of the removal/retention under the law of the child's habitual residence; and (3) removal of the child from that forum was wrongful. See Hague Convention Ar. 19, 42 USC §11603(e)(1); *Marriage of Forrest & Eaddy*, 144 Cal.App.4th 1202, 12111 (2006), *Shalit v. Copper*, 1982 F3d 1124, 1131 (9th Cir. 199).

#### 1. Iceland is not the child's "habitual residence."

Plaintiff will argue Iceland is the child's habitual residence base solely on the fact he traveled to Iceland for the 2009-2010 academic year. Prior to the 2009-2010 academic year, the child resided in Nebraska, Nevada, Idaho and California. Therefore, the question is whether the child's residence in Iceland from approximately August 2009 through July 2, 2010 changed the child's habitual residence from the United States to Iceland.

The *Holder* case is directly on point. In that case, the parents resided in Germany for eight months before the mother returned to the United States with the Children. The only reason the family moved to Germany was because the father was stationed there with the military. *Holder*, *supra*, at p. 1012-1013. The key issue in that case was the same as here, was Germany the children's "habitual residence" immediately prior to the alleged wrongful retention, based on the parties' limited residency there? (*Id*. at p. 1015.) Relying heavily on the case of *Mozes v. Mozes*, 239 F.3d 1067 (9th Cir.2001), the court affirmed the District Court's ruling that Germany was not the habitual

residence of the children, in large part because the parents did not have a <u>shared</u> intent to change the child's habitual residence. *Holder, supra,* at pp. 1016-1019, 1021.

In addition, the fact the child's travel to Iceland was initially intended for only a specific period of time, entirely negates any suggestion by plaintiff that the parties intended to change the child's habitual residence. In "cases where the child's initial translocation from an established habitual residence was clearly intended to be of a specific, delimited period...courts have generally refused to find that the changed intentions of one parent led to an alteration in the child's habitual residence." *Mozes v. Mozes*, supra, 239 F.3d at p. 1077. See, e.g., *Pesin v. Rodriguez*, 77 F.Supp.2d 1277, 1285 (S.D.Fla.1999) (settled purpose of family trip was a vacation of finite duration); *In re Morris*, 55 F.Supp.2d. 1156, 1159 (D.Colo.1999) (when family left Colorado for 10-month teaching appointment in Switzerland, the parties had a "shared, settled intention to return to Colorado with the child," and mother's unilateral change of position could not make Switzerland the habitual residence); *Freier v. Freier*, 969 F.Supp. 436, 438 (E.D.Mich.1996) (when mother left with child, she informed father that she would be vacationing with parents for one month); *Flores v. Contreras*, 981 S.W.2d 246, 248 (Tex.App. 1998) (mother brought child to Texas for two-week vacation); *Brennan v. Cibault*, 227 A.D.2d 965, 965, 643 N.Y.S.2d 780 (N.Y.App. Div.1996) (mother agreed that child should remain with father in New York for six months, but expected her to return to France on a specific date).

Here, plaintiff's initial intent in taking the child to Iceland was to remain there of a specific delimited period of time. Indeed, Father only agreed to allow the child to travel because plaintiff's stay was to conclude at the end of the academic year. The fact plaintiff later changed her mind did not result in an change of habitual residence of the child.[1]

Plaintiff cannot demonstrate that prior to taking the child to Iceland, she and Father shared an intent to change the child's habitual residence. Indeed, before plaintiff ever left for Iceland, Father expressed his concern and objection to changing the child's habitual residence. Plaintiff expressly represented to Father that her stay in Iceland with the child would last only for one academic year.

---

[1] Plaintiff's declarations in this and the Family Law Court indicate she decided to relocate to Iceland at some point after moving there. The fact she obtained citizenship for herself and the minor child indicates she always intended to relocate, but falsely represented her intent to return to the U.S. in order to obtain Father's permission for the child to travel.

Where plaintiff cannot prove she and Father held a shared intent to change the child's habitual residence, she cannot prove the child has been removed from his habitual residence. Therefore, plaintiff is not entitled to the relief requested.

### 2. **Plaintiff did not have the right to unilaterally change the child's habitual residence.**

Plaintiff has the burden of proving she was exercising lawful custody rights over the child at the time of the retention under the law of the child's habitual residence. In this matter, this means plaintiff must prove she was acting within her custodial rights under Iceland law when she demanded the child be returned to Iceland. However, plaintiff is faced with an argument she cannot win. Plaintiff claims an absolute, unlimited right to change the child's habitual residence to Iceland based solely on the assertion she was the custodial parent. From there she concludes, without citing to any legal authority, she was exercising her lawful custodial rights in demanding the child be returned to Iceland. In order for the court to find plaintiff had such a right, it must make a determination regarding the merits of the underlying custody dispute, i.e. the nature and extent of plaintiff's custodial rights. Yet, this court is prohibited from making such determinations.

Regardless of this "Catch 22," plaintiff's position is fundamentally flawed on multiple levels.

First, none of the cases interpreting the Convention even remotely suggest that the subjective intent of a single parent is sufficient to establish a new habitual residence for a child. Not only is there no legal support for plaintiff's position, the argument is untenable in light of a parent's constitutional rights. See, e.g. *Marriage of Brown & Yana*, 37 Cal.4th 947, 958 (2006) (a sole legal and sole physical custody award does not divest the other parent of parental rights and due process interest in parenting).

Second, the District Court of Nebraska, the court that issued the Decree of Dissolution by which plaintiff claims sole custody, required plaintiff to apply for permission of the court before removing the child from Nebraska. Therefore, as a matter of fact and law, plaintiff custodial rights did not include the right to unilaterally change the child's habitual residence. On January 12, 2011 the Superior Court of California determined that Nebraska was the only forum with subject matter jurisdiction over the dispute. Plaintiff never obtained an order from that court permitting her to

change the child's habitual residence and deprive Father of his parental rights.

Third, similarly, the portion of the Decree of Dissolution granting plaintiff custody of the child expressly states,

> The parties agree that each shall keep the other informed of the physical status of the minor child and all other matters which are pertinent to the continuation of a strong relationship between parent and child, and neither party shall alienate the affection of the other child for the other party.

Otherwise stated, plaintiff's custodial rights did not include the right to unilaterally change the child's habitual residence where such a move would interfere with Father's rights under this provision. Similarly, the Decree granted Father liberal visitation rights outside the state of Nebraska. Plaintiff grossly exceeded her parental rights by removing the child to another country and depriving Father of his rights to reasonable visitation.

Fourth, plaintiff's argument defies the very intent of the Convention and the ICARA. The very purpose of the Convention and the ICARA is to prevent a parent from establishing a new "habitual residence" of a child by abducting the child or wrongfully retaining custody. Here, plaintiff unequivocally promised that the child's stay in Iceland would be limited to one academic year. Moreover, that promise was critical to Father's decision to grant permission to allow the child to travel to Iceland. Allowing plaintiff to unilaterally change the child's habitual residence by misrepresenting her intent to Father or, at the very least, by violating her agreement with Father that the child would return to the United States permanently after one academic year would be to condone exactly the type of conduct the Convention and ICARA are intended to prevent.

### 3. Iceland is not the child's habitual residence because he did not become acclimated there.

Under the analytical framework established in the case of *Mozes v. Mozes*, *supra*, 239 F.3d 1067, plaintiff has the burden of proving there was a change in geography combined with the passage of a sufficient period of time for the child to become acclimatized to the alleged new habitual residence. "The Convention even allows for judicial authorities to refuse to return children under the age of sixteen 'if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views.' Convention, art. 13, 19

I.L.M. at 1502; see also Perez-Vera Report, supra, ¶ 30 ('[T]he fact must be acknowledged that it would be very difficult to accept that a child of, for example, fifteen years of age, should be returned against its will.')." *Holder*, *supra*, 1017.  Here, the child was in Iceland for only ten months, and immediately upon returning to the United States he declared his desire to remain in the United States.  The child does not speak the language and is not happy there.  He has consistently repeated his desire not to return to Iceland.  This court should not order the child returned to Iceland against his clearly expressed desire.

Irrespective of whether this court should make its decision based on the child's desire, the child's clearly and consistently expressed position constitutes clear and convincing evidence that the child has not become acclimatized to Iceland.  Therefore, plaintiff cannot prove the change in geography was sufficiently long for the child to become acclimatized to Iceland.  Consequently, plaintiff cannot prove Iceland is the child's habitual residence.

**4.     Father's retention of the child was not wrongful where he had court approval to retain custody of the child.**

Finally, plaintiff must prove that Father's retention of the child was wrongful. Article 3 of the Convention provides:

> The removal or the retention of a child is to be considered wrongful where — a) it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and b) at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

Convention, art. 3, 19 I.L.M. at 1501.  This definition is not particularly helpful in this case as it hinges on an initial determination of the child's "habitual residence immediately before the [alleged] removal or retention."  The child's habitual residence immediately before Father retained custody was the United States, not Iceland.  Consequently, the provision of the Convention and the ICARA do not apply.

In addition, at no time did plaintiff apply to any court of competent jurisdiction for a modification of her custodial rights.  In contrast, Father obtained an emergency order of the Sacramento County Superior Court before retaining custody.  That order has never been vacated.

Where Father did not consent to allowing the child to stay in Iceland beyond the single academic year promised by plaintiff, and where plaintiff did not obtain an order of any court allowing her to remove the child from the United States without the permission of Father, and where Father did obtain permission from a court of competent jurisdiction, plaintiff cannot demonstrate that Father's retention of the child was wrongful.

Plaintiff cannot demonstrate any, much less all, of the elements she must prove in order to obtain the relief requested from this court.

### B. Returning The Child To Iceland Will Violate Fundamental Principles Of The Law Of The United States.

Article 20 of the Convention provides that a court may decline to return a wrongfully retained child if such would violate fundamental principles of American law regarding the protection of human rights and fundamental freedoms.  Father does not assert that Iceland is a hotbed of human rights violations.  However, returning the child violates the very intent of the Convention and the ICARA and Father's fundamental freedoms as a parent.  The rights of parents to raise their children is one of the fundamental freedoms most strongly protected in the United States.  The United States Supreme Court stated that a parent's "liberty interest ... in the care, custody, and control of [his or her] children ... is perhaps the oldest of the fundamental liberty interests recognized by" the high court.  *Troxel v. Granville* 530 U.S. 57, 65 (2000).  These fundamental freedoms apply even to non-custodial parents.  *Newdow v. US Congress, 313 F. 3d 500*, 503-504 (2002) (non-custodial parent had standing to sue school district for interference with parenting rights).

The most disturbing aspect of plaintiff's petition is that she seeks to use the Convention to accomplish exactly what it was intended to prevent, the removal of a child by one parent from his habitual residence, the United States, to a country that is so distant and foreign as to entirely deprive the other parent of his parental rights.  Father has no contacts with Iceland at all.  He does not speak the language and has no legal presence in that country. He is not familiar with its laws or its legal system and does not have the resources to litigate child custody issues at such a distance.

Plaintiff's various relocations over the years have already made it very difficult for Father to exercise his rights as a parent.  Sending the child back to Iceland, against the wishes of the child and Father, will make exercising his rights impossible.  Depriving Father of his parental rights by

sending the child beyond his reach is a violation of his fundamental freedoms and a miscarriage of justice of the first order.

      **C.**     **Plaintiff Was Not Exercising Her Parental Rights At The Time Of The Retention Because She Sought To Act In Excess Of Her Rights.**

Plaintiff has consistently failed to articulate what rights of custody Father allegedly breached in retaining custody of the child. The Convention recognizes virtually any source of custodial rights. Article 3 of the Convention provides the three sources of rights from which custody may be identified as "by operation of law or by reason of a judicial or administrative decision or by reason of an agreement having legal effect under the law of that State." Here, plaintiff's custodial right arose from the divorce settlement agreement, which was entered as the Divorce Decree.

Plaintiff did not have the right to remove the child from the country without Father's permission. Indeed, she had to obtain his written permission to allow the child to travel in the first instance. Plaintiff's demand that the child be sent to her in Iceland over the objections of Father was not an exercise of her custodial rights, it exceeded her custodial rights. Therefore, Father was not acting in breach of plaintiff's custodial rights when he retained custody.

Furthermore, before Father granted permission for plaintiff to travel to Iceland with the child, plaintiff expressly agreed that the child would return to the United States after the single academic year. At no time did Father agree, verbally or in writing, the child could return to Iceland for another year. Plaintiff's agreement the child would return to the United States after the 2009-2010 academic year was a binding agreement regarding her custodial rights. Since she agreed the child would return, she was not exercising her custodial rights in seeking to violate that agreement by demanding his return to Iceland.

Contrary to plaintiff's implications, Father's parental rights were not severed by the divorce decree. Because he had visitation rights, Father also retained custodial rights in the child. California courts have long held that visitation is really just "a limited form of custody during the time the visitation rights are being exercised." *Perry v. Superior Court*, 108 Cal.App.3d 480, 483 (1980); *see also In re Marriage of Gayden*, 229 Cal.App.3d 1510, 1517 (1991); *Guardianship of Martha M.*, 204 Cal.App.3d 909, 912 (1988). The divorce decree granting Father the right to visitation placed

no time limits on the length of those visits. Therefore, where Father was exercising his visitation rights when plaintiff demanded return of the child, Father was exercising his custodial rights in the child.

Moreover, the Sacramento County Superior Court ordered that the child not be removed from California, which order has not been vacated. Where the court ordered the child to remain in California, plaintiff had no right to demand the child be sent to Iceland without have that order vacated. Therefore, plaintiff was exceeding her custodial rights at the time of the alleged retention.

Not only was plaintiff not exercising her custodial rights at the time of Father's retention, she was engaged in a wrongful taking of the child, seeking to blatantly violate the clear intent of the Convention. She attempted settlement in a new country without court order from any court of competent jurisdiction in violation of the marital settlement agreement which unambiguously implies custody would remain in Nebraska.

Plaintiff's taking of the minor child outside of the academic year agreed to by the parties would falls squarely under Family Code §3428 involving the wrongful taking of a child in order to "create" UCCJEA jurisdiction in a chosen forum. *Marriage of Nurie*, 176 Cal.App.4th 478, 511-512 (2009). Plaintiff's fraud on father to extract the child from the U.S and place the child in Iceland without a move away order or stipulation of the parties DOES NOT confer jurisdiction on that state. It is clear by mother's actions that she intended to engage in a pattern of long term parental alienation to deprive the child of his father. Such conduct was expressly prohibited by the parties' divorce decree. Where plaintiff's conduct exceeded her custodial authority and intentionally, directly violated the express limitations on her custodial authority, she was not acting within her custodial rights at the time Father retained the child.

### D. The Child's Desire Should Be Considered Rather Than Forcing Him To Return To A Country Where He Is A Stranger.

As noted hereinabove, the convention allows the court to refuse to return a child who objects to being returned. Convention, Art. 13. The minor child here expressed his desire to remain in the United States and not to return to Iceland immediately upon arriving in Seattle, Washington. His opinion has been expressed consistently and often. Plaintiff argues the court should simply

disregard the child's desire because he is "only" twelve years old. Not only is this position grossly unfair to the child, it fails to account for all of the facts at issue and even suggests an improper motivation on the part of plaintiff.

Again, plaintiff's argument on this point are critically flawed. First, plaintiff relies heavily on arguments relating to whether a child is old enough and mature enough for his or her views to be considered in custody matters. However, this court may not consider the underlying custody issues. The only issue is whether the child should be returned to Iceland, thereby forcing Father to pursue any custody dispute there. Second, similarly, plaintiff argues that the child is too young and immature to choose between his parents. Again, plaintiff's argument is misplaced. For purposes of this proceeding, the child is not being asked to choose between parents, he is being asked whether to be returned to Iceland. Indeed, Father's desire that the child remain in the United States does not foreclose the possibility of plaintiff retaining custody, so long as she retains custody in the United States.

Moreover, there are ample reasons for the court to consider the child's desire in this case. Unlike the case of *England v. England*, 234 F.3d 268 (2000) which also involved a minor of twelve years old, the child here has not been diagnosed with Attention Deficit Disorder or learning disabilities, does not take Ritalin regularly, and is not scared and confused by the circumstances producing this litigation. *Id*. at 273. He understands the situation and does not want to return to Iceland. Also, in the *England v. England* case, the court was asked to return the child from the U.S. to Australia, where they speak approximately the same language. In contrast, plaintiff is seeking to have the child sent to Iceland, where he does not speak the language.

Further, the child's desire to remain in the U.S. is understandable and reasonable, not merely the emotional reaction of a child. First, the child has very strong ties to California. Father lives and works in California, the child's entire paternal family lives in California. The child has very strong personal ties to his family members who reside in California, which include his grandparents, aunts, uncles and cousins, all of whom he interacts with frequently and have been an active part of his life since he was born. In addition, he has spent all of his life in the U.S. and is familiar with the language and culture - he is already very acclimatized. In contrast, he does not speak Icelandic, is

unfamiliar with the culture and his only contacts are a few unfamiliar family members.

The child's desire to remain in the U.S. is not merely a passing interest or a preference. Since his return to the U.S. he has adamantly insisted that he does not want to return to Iceland. He has emphatically insisted that Father take whatever legal means were necessary to prevent plaintiff from forcing the child to return there.

## V. CONCLUSION

Based on the law cited above and the evidence that will be produced at trial, plaintiff cannot demonstrate she is entitled to the relief requested.

Date: March 4, 2011                                    LAW OFFICES OF JAMES P. CHANDLER


                                                       /S/ James P. Chandler
                                                       JAMES P. CHANDLER
                                                       Attorney for Fathers and Counter Claimant