Sean P. Gjerde (SB#217467)
James P. Chandler (SB# 215886)
8880 Elk Grove Blvd. Suite A
Elk Grove CA 95624
 (916) 483-3040

Attorneys for Joseph Petterle

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTER ELLEN NELSON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH PETTERLE,<br><br>　　　　　Defendant. | Case No. 2:11-CV-00140-GEB-JFM<br><br>SUPPLEMENTAL TRIAL BRIEF BY FATHER JOSEPH PETTERLE<br><br>Trial Date:　March 15, 2009<br>Time:　　　9:00 a.m.<br>Judge:　　　Hon. Garland E. Burrell, Jr. |

## I.  INTRODUCTION

This supplemental trial brief responds to Plaintiff Ester Ellen Nelson's ("Mother") "Response to Court Order" wherein plaintiff argues that she was exercising her custodial rights under Iceland law when defendant retained the child.  The court order plaintiff responded to demanded that plaintiff show cause why summary judgment should not issue in favor of defendant because plaintiff previously failed to brief the issue of plaintiff's right to custody under Iceland law.  Plaintiff's brief and the exhibits attached thereto fail to meet the court's challenge.  Therefore, summary judgment should issue in favor of Defendant Joseph Petterle ("Father").

## II.  LEGAL ISSUES/ARGUMENTS

### A.  The Law Of Iceland Did Not Grant Plaintiff The Right To Change The Child's Habitual Residence.

Plaintiff's response brief presents no new facts, law or evidence to alter the court's determination that summary judgment should issue in favor of Father.  Despite the lengthy attachments, plaintiff's argument is quickly summarized:

> Iceland recognizes valid divorce decrees from foreign countries. Mother has a valid divorce decree from Nebraska giving her sole custody of her child. Iceland [law] gives Mother the right to determine the child's residence and to act as his representative. Mother has the right to custody of her child under the law of Iceland. (Plaintiff's Response to Court Order, p. 3, line 26 - p. 4, line 2.)

While this simplistic formulation is attractive, it is also completely wrong.  First, it fails to account for the fact the Sacramento County Superior Court granted temporary custody to Father before the expected return date of the child.  Therefore, Mother did not have legal custody of the child at the time of the alleged retention.  On January 12, 2011 the Superior Court of California for Sacramento County determined that Nebraska still had jurisdiction over this dispute.  That court did not find that Iceland had jurisdiction.  On February 24, 2011, the District Court of Lincoln County, Nebraska transferred jurisdiction over this dispute to California.  Attached hereto as Defendant's Exhibit A is a true and accurate copy of the Nebraska court's order.

Second, Mother's argument relies entirely on the proposition that Mother had an absolute, unlimited right to change the child's habitual residence to Iceland based solely on the assertion she

was the "sole" custodial parent.  Contrary to this repeated assertion, the Nebraska Divorce Decree did not grant her "sole" custody of the child - the terms "sole" and "exclusive" are notably absent from that order.  Nebraska statutes do not distinguish between physical and legal custody; however, case law has recognized a distinction.  *Elsome v. Elsome*, 601 NW 2d 537, 543-544 (Neb: 1999). Where both parents exercise joint responsibility for "minor" day-to-day decisions and the exertion of continuous physical custody for significant periods of time, Nebraska courts will construe the custody arrangement as a joint custody arrangement, regardless of how prior decrees or court orders have characterized the arrangement.  *Id*. at 544.  Here, father had custody of the child for several months every year, and provided him with all aspects of his daily needs including shelter, clothing, food, toys, and emotional care during those periods.  But for the distance between the parties' residences, Father would have had custody even more frequently.  Therefore, the parties had joint custody of the child, and Mother was not the "sole" custodial parent.

Third, according to Mother's argument, Iceland recognizes valid custody orders of foreign jurisdictions "as a general rule." (See Letter from Johanna Gunnarsdottir, p. 26 of 29 to plaintiff's Response.)  Contrary to Mother's argument, none of the attachments to her response indicate that Iceland law superseded the custody arrangement of the parties either as a general rule or as applied specifically to Mother.  As accurately argued in Father's trial brief, the custody rights granted to Mother by the Divorce Decree from Nebraska did not include the right to unilaterally change the child's habitual residence to a foreign country.  Indeed, under Nebraska law, Mother was required to obtain a move away order before leaving the state of Nebraska, which she did not.  *Brown v. Brown*, 621 N.W.2d 70 (Neb. 2000); *Farnsworth v. Farnsworth*, 597 N.W.2d 592 (Neb. 1999) (custodial parent must prove a legitimate reason for leaving the state and that it is in the child's best interests to continue living with him or her).  That she was required to obtain such an order before leaving the country is beyond question.

Mother's various legal briefs have yet to provide any legal argument suggesting that the findings of the Sacramento court determining that Nebraska had jurisdiction were erroneous or invalid.  Mother also fails to demonstrate that any law in Iceland somehow obviated her obligation to obtain a move away order from the court in Nebraska before relocating to Iceland.  In addition,

1. Mother cites no legal authority for the specious proposition that Iceland law somehow grants her a greater right to change the child's habitual residence than the order originally granting her custody. Finally, Mother provides no legal authority for the proposition that her purported right to determine where the child lives also includes the right to unilaterally change the child's country of residence or citizenship. Therefore, Mother has failed to show cause why summary judgment should not be rendered in favor of Father.

### B. Under Iceland Law, Father Had Joint Custody Of The Child.

Attached hereto as Exhibit B is a true and correct copy of Iceland's Act in Respect of Children, no. 76/2003 ("ARC"), with later amendments, as found at http://www.innanrikisraduneyti.is/log-og-reglugerdir/thydingar/nr/916. Article 31 of the ARC, entitled "*Custody in the event of the divorce or separation of the parents*," provides:

> [Parents shall have joint custody of their child following divorce and legal separation registered in the national register, unless otherwise decided. The <u>parents</u> shall decide with which parent the child shall have his legal residence and consequently where the child's regular place of residence is...
>
> Parents may make an agreement that the custody of their child shall reside with either of them...

Pursuant to this provision, the default custody arrangement under Iceland law is for joint custody, and it is the duty of the parents together to decide with which parent the child shall reside. In this case, the Nebraska Divorce Decree granted Mother primary custody with express limitations and provided Father with liberal visitation. Further, in practice, Father had custody of the minor child for a portion of every year amounting to at least 20%-25% custody. Therefore, under Iceland law, Father had joint custody of the child and had the obligation to help determine where the child would live. Consequently, Mother's attempt to change the child's habitual residence unilaterally violated Iceland custody law.

### C. Under Iceland Law Mother Would Violate The Child's Rights By Forcing Him To Return To A Country Where He Is A Stranger.

In striking contrast to the arguments of Mother, Iceland law is caste in the light of the rights of the child, not the rights of the parents. For example, Article 28 of the ARC provides, in pertinent

part, "[a] child is entitled to the custodianship of his parents, one or both, and the parents have custodial duties toward their child, until the child comes of age. A parent who is a child's sole custodian has the duty to provide for the child's access to his other parent."  Therefore, under Iceland law, custody is not a question of which parent has the right, it is a question of whether the child's rights are protected.  In this case, the child is entitled to the custodianship of both parents, not just his mother.

Article 28 further provides "Parents shall consult their child before making decisions concerning the personal affairs of the child having regard to the age and maturity of the child. The position and view of the child shall be given more importance as the child grows older and matures." Similarly, Article 43 provides in reference to custody disputes:

> A child that has reached sufficient maturity shall be given the opportunity to express his view concerning the case in question unless that would be considered to have a detrimental effect on the child or it is of no consequence for the outcome of the case...

The laws in Iceland have developed toward increasing the rights of children.  In the arena of child custody matters, this includes greatly increasing the rights of children to express their opinions and assist in determining matters concerning their own lives.

> The legal definition of a child took some changes during the 1990s in Iceland. Following the ratification of the UN´s Child Convention in 1992, it became necessary to adjust the Icelandic law to comply with the convention, which states that a child is an individual under 18 years of age. Until then, Icelandic children gained legal and financial competence at the age of 16, but in 1997 the law on legal competence was changed so that individuals now achieve personal competence at the age of 18 (Act on Legal Competence nr. 71/1997). Despite this change, there are still varying definitions left in different laws regarding when a person is no longer a child. For example, a 17 year old can receive a driver's licence [sic], an 18 year old can vote and a 20 year old can buy wine in the state monopolized wine stores.
>
> The Law in Respect of Children also provides children with the right to express their opinion on subjects concerning their own affairs (custody). According to this law, if a child is 12 years or older the authorities must consider their opinion. The law dictates that parents must include their children in decisions that affect the child's life (The Law in Respect of Children no. 20/1992). This increased right to have a say in their own matters is also apparent in other laws such as laws on child protection4. In 1992, the law stated that all children 12 years and older should be consulted on matters concerning decisions being made on their behalf. Younger children should be consulted in accordance with their maturity and for the first time it was made

> possible by law to appoint a spokesperson for the child in specific cases (Child Protection Act no. 58/1992). Furthermore, the law from 2003 states that once a child reaches the age of 15 he or she is a party in the case, in an attempt to strengthen the legal rights of the child.

Gudny Bjork Eydal & Stefan Olafsson, University of Iceland, "Social and Family Policy, The case of Iceland, Third report for the project Welfare Policy and Employment in the Context of Family Change," May 2003, http://www.york.ac.uk/inst/spru/research/nordic/icelandpoli.pdf.

Here, the child at issue is almost 12 years old. Unlike Father, not only did Mother not consult with the child regarding her intended relocation to Iceland, her trial brief asks this court to ignore the child's opinion. While this court is certainly not bound by Icelandic law on the matter, by the Convention under which plaintiff seeks relief, this court is expressly authorizes to consider his opinion. Regardless, however, by refusing to consider the child's opinion and unilaterally demanding the child's return to Iceland over the objections of the child, Mother was not exercising her custody rights under Icelandic law, she was violating the rights of the child.

### III.  CONCLUSION

Mother has failed to show cause why this court should not issue a summary judgment in favor of Father. Iceland law does not grant Mother any greater rights to custody than what she was permitted under Nebraska law, the jurisdiction that granted her custody. Mother's right to determine where the child lives did not include the right to relocate the child out of Nebraska, much less the United States, without an order of the court permitting the relocation. Mother was acting far in excess of her custodial rights in demanding the child be returned to Iceland over the objections of Father and violated the rights of the child by doing so over the objections of the child.

Date: March 14, 2011                                            LAW OFFICES OF JAMES P. CHANDLER


     /S/ James P. Chandler
JAMES P. CHANDLER
Attorney for Joseph Petterle